1  LARRY L. BAUMBACH
   State Bar No. 50086
   LAW OFFICES OF LARRY L. BAUMBACH
2  686 Rio Lindo Avenue
   Chico, CA 95926
3  Telephone: 530-891-6222

4  Attorney for Plaintiff

5

                    UNITED STATES DISTRICT COURT
6
                    EASTERN DISTRICT OF CALIFORNIA
7

8  JAMES COREY                          Case No.:

9                   Plaintiff,          COMPLAINT

10        vs.                           DEMAND FOR JURY TRIAL

11  COUNTY OF PLUMAS ; TERRY
    BERGSTRAND PLUMAS COUNTY
12  SHERRIF; Officer N.D DAWSON; Officer
    STEVE PEAY; Officer RON WOMACK;
13  Officer DWIGHT CLINE; Officer STEVE
    WAASDROP; Officer MIKE SMITH; Officer
14  BILL ELLIO.
                    Defendants.
15

16

17                        **COMPLAINT**

18        This action is brought pursuant to 42 U.S.C Sections 1983 and 1988 and the FOURTH,

19  FIFTH, EIGHTH and FOURTEENTH Amendments to the United States Constitution. The court has

20  jurisdiction of this action under 42 U.S.C Section 1983, 28 U.S.C Section 1343 and 28 U.S.C Section

21  1331 and under California law described hereinafter.

22                         **PARTIES**

23        This is a civil action seeking monetary damages against defendants, COUNTY OF PLUMAS

24  a Political Subdivision, Plumas County Sheriff's Officers N.D DAWSON; STEVE PEAY; RON

25  WOMACK; DWIGHT CLINE; STEVE WAASDROP; MIKE SMITH; BILL ELLIO; and Plumas

26  County Sheriff TERRY BERGSTRAND .

27

28

1. At all times referred to herein, defendant N.D DAWSON was a law enforcement officer employed by the County of Plumas.

2. At all times referred to herein, defendant STEVE PEAY was a law enforcement officer employed by the County of Plumas.

3. At all times referred to herein, defendant RON WOMACK was a law enforcement officer employed by the County of Plumas.

4. At all times referred to herein, defendant DWIGHT CLINE was a law enforcement officer employed by the County of Plumas.

5. At all times referred to herein, defendant STEVE WAASDROP was a law enforcement officer employed by the County of Plumas.

6. At all times referred to herein, defendant MIKE SMITH was a law enforcement officer employed by the County of Plumas.

7. At all times referred to herein, Defendant BILL ELLIO was a law enforcement officer employed by the County of Plumas.

8. At all times referred to herein, Defendant TERRY BERGSTRAND was a law enforcement officer employed by the County of Plumas.

9. Defendant TERRY BERGSTRAND was at all times referred to herein, Sheriff for the COUNTY OF PLUMAS, and as such was the commanding officer of defendant OFFICERS, and was responsible for the training, supervision, and conduct of said defendant officers, as more fully set forth below. Defendant TERRY BERGSTRAND is further responsible by law for enforcing the regulations of the COUNTY OF PLUMAS and for ensuring that defendant officers obey the laws of the State of California and the United States of America.

10. Defendant COUNTY OF PLUMAS is a political subdivision, organized and existing under the laws of the state of California.

11. Plaintiff sues defendants in their individual and representative capacity.

12. At all times referred to herein, N.D DAWSON; STEVE PEAY; RON WOMACK; DWIGHT CLINE; STEVE WAASDROP; MIKE SMITH; and BILL ELLIO; acted under color of the laws, statues, regulations, policies, customs, and usages of the state of California and County of Plumas.

13. At all times referred to herein, Plumas County Sheriff TERRY BERGSTRAND acted under color of the laws, statues, regulations, policies, customs, and usages of the state of California and County of Plumas.

14. N.D DAWSON; STEVE PEAY; RON WOMACK; DWIGHT CLINE; STEVE WAASDROP; MIKE SMITH; BILL ELLIO; and TERRY BERGSTRAND, and COUNTY OF PLUMAS in acting as alleged in this complaint, violated plaintiff's Fourth, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution under 42 U.S.C. sections 1983 and 1986, and at all times stated herein were acting under color of state law.

15. On or about May 12, 2004  plaintiff mailed  Government Tort  Claims  to defendant COUNTY OF PLUMAS alleging injuries, disability, losses, and damages suffered and incurred by him/her by reason of the above-described occurrence, all in compliance with the requirements of <u>Section 910 of the Government Code</u>  . Copies of the claims are attached hereto as Exhibit "A" and made a part hereof.

16. On or about July10, 2004 defendant COUNTY OF PLUMAS rejected plaintiff's claim to its entirety. Attached hereto as Exhibit "A."

17. California law requires that in all claims against a government entity, the claimant must file with said entity a claim prior to filing suit. Plaintiff is in compliance with all relevant government claims statues.

18. Plaintiff was charged criminally with penal code violations; a complaint was filed on January 3, 2003 in connection with the allegations set forth herein.

19. Plaintiff was found not guilty in his criminal lawsuit on or about February 6, 2004. The statue of limitations was tolled pending the final disposition of February 6, 2004 therefore plaintiff is in compliance with California Government Code Section 945.3.

## STATEMENT OF FACTS

20. On December 20, 2002, JAMES COREY was at a private residence located at 35 Sequoia Circle, Plumas Pines, Eureka Estates, Plumas County, California.  At approximately 8:53 p.m., Defendant officers arrived at the Sequoia County address ostensibly to serve a search warrant issued for #37 Aspen Circle in Blairsden, Plumas County, California:

21. While inside the residence, JAMES COREY requested the opportunity to review the search warrant. JAMES COREY was the lessee of 35 Sequoia Circle.

22. In direct and immediate reaction to JAMES COREY request to see the search warrant, several of defendant officers grabbed JAMES COREY and with force and violence slammed him down on a nearby table, then took him down to the floor.  JAMES COREY was sprayed twice in the face with mace like pepper spray causing him severe pain, injury, humiliation, embarrassment, fear, anxiety, and depression.

23. Defendant officers also struck JAMES COREY in the right side of his head with a police baton, an act constituting excessive force and direct violation of the general orders of the Plumas County Sheriffs Department.

24. All of the acts described hereinabove were committed or aided or abetted or supported by each of the defendant officers.

25. Following the application of excessive force in attacking, macing, clubbing, and arresting James Corey, Mr. Corey was booked into the Plumas County Jail.  Criminal charges were filed against him alleging violations of various California Penal Codes.

**COUNT I**
**EXCESSIVE FORCE**
**OFFICER & DEPUTY LIABLITY 42 U.S.C. SECTION 1983**
**AGAINST N.D DAWSON; STEVE PEAY; RON WOMACK; DWIGHT**
**CLINE; STEVE WAASDROP; MIKE SMITH; and BILL ELLIO**

26. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs16 through 26 of this complaint as though fully set forth herein.

27. As a result of the injuries sustained by Plaintiff, he was required to retain the treatment of medical care providers and has suffered permanent scarring and injuries as a result of the injuries from the beating inflicted upon him by the rogue defendants.

28. As a direct and proximate result of the above-referenced unlawful and malicious physical abuse of plaintiff by defendants committed under the color of law and under their authority as COUNTY OF PLUMAS employees, plaintiff suffered and continues to suffer grievous bodily harm and was deprived of his right to be secure in his person against unreasonable searches and seizures, of his person in violation of the Fourth and Fourteenth amendment of the Constitution of the United States.

29. As a direct and proximate result of the malicious and outrageous conduct of defendants as set forth above, plaintiff suffered severe and permanent injuries and damages. Additionally plaintiff has suffered special damages in the form of medical expenses and lost wages, and will suffer additional special damages in the future in an amount which cannot yet be determined.

30. The actions alleged above deprived plaintiff of the following rights under the United States Constitution:

    a.   Freedom from the use of excessive and unreasonable force.

    b.   Freedom from a deprivation of liberty without due process of law.

    c. Freedom from summary punishment.

31. Defendants subjected plaintiff to such deprivations by either malice or a reckless disregard of plaintiff's rights.

**COUNT II**
**FAILURE TO INSTRUCT, SUPERVISE, CONTROL, AND DISCIPLINE DIRECTED AGAINST COUNTY OF PLUMAS AND TERRY BERGSTRAND**

32. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 16 through 26 of this complaint as though fully set forth herein.

33. At all times relevant to this complaint, defendant Sheriff TERRY BERGSTRAND ACTED under the direction and control of the COUNTY OF PLUMAS and, which acted through its agents and employees who were responsible for making policy of the respective police department and Sheriff's department, its officers and operations, and defendants were acting pursuant to either their official policy or the practice, custom and usage of COUNTY OF PLUMAS and its respective sheriff's department.

34. Acting under color of law, by and through the policy makers of the county and pursuant to official policy or custom and practice, the COUNTY OF PLUMAS intentionally, knowingly recklessly, or with deliberate indifference to the rights of the inhabitants of the COUNTY OF PLUMAS failed to instruct, supervise, control, and/or discipline , on a continuing basis, N.D DAWSON; STEVE PEAY; RON WOMACK; DWIGHT CLINE; STEVE WAASDROP; MIKE SMITH; BILL ELLIO;  and TERRY BERGSTRAND,   in their performance of their duties to refrain from:

35.  Unlawfully and maliciously assaulting and beating a citizen and otherwise using unreasonable  and excessive force before, during, or after the making of an arrest, whether the arrest was lawful or unlawful;

36. Unlawfully using deadly force to combat nondeadly force or using deadly force in situations that could be controlled by the use of proper questioning before drastic action be taken;

37. Unlawfully striking a suspect on the body of plaintiff with a night stick, flashlight, knee, pepper spray, elbow, foot, or other weapon;

38. Falsifying police reports and other statements;

39. Conspiring to violate the rights, privileges and immunities guaranteed to plaintiff by the constitution and the laws of the United States and the laws of the State of California;

40. Otherwise depriving citizens of their constitutional and statutory rights, privileges and immunities.

41. Defendant COUNTY OF PLUMAS has knowledge of or if it diligently exercised its duties to instruct, supervise, control and discipline on a continuing basis should have had the knowledge that the wrongs that were going to be committed. Defendant COUNTY OF PLUMAS had the power to prevent or aid in preventing the commission of said wrongs, could have done so, and intentionally, knowingly or with deliberate indifference to the rights of the inhabitants of the city failed or refused to do so.

42.  Defendant COUNTY OF PLUMAS directly or indirectly, under the color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct Defendants.

**COUNT III**
**SUPERVISOR LIABILITY OF DEFENDANT, TERRY BERGSTRAND**
**COGNIZABLE UNDER 42 U.S.C. SECTION 1983 AND 42 U.S.C. SECTION 1986**

43. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs16 through 26 of this complaint as though fully set forth herein.

44. Defendant TERRY BERGSTRAND acting as County Sheriff, knew, or in the exercise of due diligence should have known, that the conduct of Defendants N.D DAWSON; STEVE PEAY; RON WOMACK; DWIGHT CLINE; STEVE WAASDROP; MIKE SMITH; and BILL ELLIO;   was likely to occur.

45. Defendant failed to take any preventative remedial measures to guard against the conduct of defendants N.D DAWSON; STEVE PEAY; RON WOMACK; DWIGHT CLINE; STEVE WAASDROP; MIKE SMITH; BILL ELLIO;   more fully set forth and described herein. Had Defendant taken such measures, plaintiff would not have suffered the depravation of his rights set forth fully herein. The failure of defendants' actions amounted to gross negligence, deliberate indifference, or deliberate misconduct, which directly caused the depravations suffered by plaintiff. Defendants failed to train supervise, instruct and discipline the Doe defendants and officers N.D DAWSON; STEVE PEAY; RON WOMACK; DWIGHT CLINE; STEVE WAASDROP; MIKE SMITH; BILL ELLIO; and said failure caused plaintiff's damages.

46. Defendant participated during plaintiff's arrest directly or indirectly in the unlawful detention and beating of plaintiff.  Defendant had knowledge of the widespread and pervasive policy, custom and practice, and usage against plaintiff, and the conspiratorial wrongs which were about to be committed against plaintiff, had power to prevent or aid in the preventing the commission of those wrongs, and neglected to do so. The wrongs describe more fully herein could have been prevented by defendants by the exercise of reasonable diligence by said defendants.

47. As a direct and proximate result of the aforedescribed unlawful and malicious acts of defendants, plaintiff was deprived of his right to be secure in his person , against unlawful and unreasonable searches of his person,  in violation of the Fourth and Fourteenth

Amendments to the Constitution of the United States and 42 U.S.C Section 1983 and 42 U.S.C SECTION 1986.

**COUNT IV**
**CONSPIRACY TO VIOLATE PLAINTIFF'S CIVIL RIGHTS**
**UNDER SECTION 1983**
**AGAINST ALL DEFENDANTS**

48. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 16 through 26 of this complaint as though fully set forth herein.

49. Defendants acting in their individual capacities and under color of law, having conspired together and with others, reached a mutual understanding and acted to undertake a course of conduct that violated Plaintiff's civil rights, to wit:

a. The defendants agreed and acted to intentionally falsely arrest and imprison Plaintiff as aforedescribed.

b. The defendants agreed and acted to intentionally fabricate and contrive the charges lodged against Plaintiff as aforedescribed.

c. The defendants agreed and acted to intentionally submit false police reports, statements, and testimony to support and corroborate the fabricated charges lodged against Plaintiff.

d. The defendants agreed and acted with others to beat, threaten, use force that was excessive, and intimidate and terrorize Plaintiff.

e. The defendants agreed and acted with others to punish Plaintiff for having exercised constitutionally protected rights to confront and question the performance of a public official.

50. As a direct and proximate result of the conspiracy between defendants and others as aforedescribed, Plaintiff was attacked, beaten and charged with crimes of which he was not guilty deprived of his/her right to be free from unreasonable and unlawful seizure, to equal protection of the laws, to due process rights to be free from arbitrary and unreasonable

1   action, which are secured under the Fourth, Fifth, and Fourteenth Amendments to the

2   United states Constitution and protected by 42 U.S.C. § 1983.

## ASSUALT
### AGAINST N.D DAWSON; STEVE PEAY; RON WOMACK; DWIGHT CLINE; STEVE WAASDROP; MIKE SMITH; and BILL ELLIO

51. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 16 through 26 of this complaint as though fully set forth herein.

52. In doing the acts as in paragraphs 21 through 26, defendants intended to cause or to place plaintiff in apprehension of harmful contact with plaintiff's person.

53. As a result of defendants' acts as alleged above, plaintiff, in fact, was placed in great apprehension of contact to plaintiff's person.

54. Plaintiff invokes the pendant jurisdiction of this Court to hear and determine this claim.

## BATTERY
### AGAINST N.D DAWSON; STEVE PEAY; RON WOMACK; DWIGHT CLINE; STEVE WAASDROP; MIKE SMITH; BILL ELLIO

55. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 16 through 26 of this complaint as though fully set forth herein.

56. Immediately thereafter, defendants doing the acts as in paragraphs 21 through 26, defendants acted with the intent to make a contact with plaintiff's person.

57. Further, immediately thereafter events described in paragraph 21 through 26, defendants did in fact make contact with plaintiff's person.

58. At no time did plaintiff consent to any of the acts of defendants alleged in paragraphs 21 through 26.

59. Plaintiff sustained severe bodily injuries throughout plaintiff's entire body. As a proximate result of the acts of defendant as alleged paragraphs 21 through 26 the fourth causes of action, plaintiff suffered personal injuries.

60. As a proximate result of the acts of defendant as alleged in the first through the fourth causes of action, plaintiff was hurt and injured in his health, strength, and activity, sustaining injury to his nervous system and person, all of which have caused, and continue to cause, plaintiff great mental, physical, and nervous pain and suffering. Plaintiff is informed and believes and thereon alleges that these injuries resulted in some permanent disability to him.

61. As a further proximate result of defendants' acts, plaintiff has been damaged in that he has been required to expend money and incur obligations for medical services, x-rays, drugs, and sundries reasonably required in the treatment and relief of the injuries herein alleged.

62. As a further proximate result of the defendants' acts, plaintiff has incurred, and will continue to incur, medical and related expenses. The full amount of these expenses is not known to plaintiff at this time.

63. The aforementioned conduct of defendants was willful and malicious and was intended to oppress and cause injury to plaintiff. Plaintiff is therefore entitled to an award of punitive damages.

64. Plaintiff invokes the pendant jurisdiction of this Court to hear and determine this claim.

### BATTERY
### UNREASONABLE FORCE IN EFFECTING ARREST AGAINST
### N.D DAWSON; STEVE PEAY; RON WOMACK; DWIGHT CLINE; STEVE WAASDROP; MIKE SMITH; and BILL ELLIO

65. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 16 through 26, 57 through 63 of this complaint as though fully set forth herein.

66. Plaintiff protested his innocence of the charge, but otherwise did not attempt to flee or physically resist arrest in any manner whatsoever.

67. Defendant used unreasonable and unnecessary force to effect such arrest by based on plaintiff's peacefulness, degree of force used, disproportion to plaintiff's conduct.

68.  Said use of unreasonable and unnecessary force resulted in physical injuries to plaintiff described more fully in complaint.

69.  Despite plaintiff's willingness to submit to arrest, defendant officers grabbed JAMES COREY and with force and violence slammed him down on a nearby table, then took him down to the floor.  JAMES COREY was sprayed twice in the face with mace like pepper spray causing him severe pain, injury, humiliation, embarrassment, fear, anxiety, and depression.

70. Defendant officers also struck JAMES COREY in the right side of his head with a police baton, an act constituting excessive force and direct violation of the general orders of the PLUMAS COUNTY Sheriffs Department.

71. In doing the acts as alleged above, defendants acted with the intent to make a contact with plaintiff's person.

72. At no time did plaintiff consent to any of the acts of defendants alleged above.

73. Plaintiff sustained severe bodily injuries throughout plaintiff's entire body. As a proximate result of the acts of defendant as alleged in the first and second causes of action, plaintiff suffered including but not limited to severe bruising, contusions, bumps, scrapes and scratches, and permanent injury.

74. Plaintiff invokes the pendant jurisdiction of this Court to hear and determine this claim.

**BATTERY**
**COMMITTED BY UNLAWFUL ARREST AGAINST**
**N.D DAWSON; STEVE PEAY; RON WOMACK; DWIGHT CLINE;**
**STEVE WAASDROP; MIKE SMITH; and BILL ELLIO**

75. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 16 through 21, 21 through 26, 57 through 63, 67 through 73  of this complaint as though fully set forth herein.

76. Plaintiff sustained severe bodily injuries throughout plaintiff's entire body. As a proximate result of the acts of defendant as alleged in the first and second causes of action, plaintiff suffered including but not limited to severe bruising, contusions, bumps, scrapes and scratches, and permanent scaring.

77. Plaintiff is informed and believes and thereon alleges that at the time of the above-described events, and at all other pertinent times, defendants had no warrant for the arrest of plaintiff or other facts or information that constituted probable cause that plaintiff had ever committed or was about to commit a crime, so as to provide grounds for a lawful arrest; nor did defendants have any facts or information that constituted a reasonable suspicion that plaintiff was involved in any unlawful activity so as to provide grounds for any detention or restraint whatsoever on plaintiff's freedom of movement, and that plaintiff's detention and arrest was, therefore, unlawful.

78. In doing the acts as alleged above, defendants acted with the intent to make a contact with plaintiff's person.

79. At all times stated herein, plaintiff found the contact made with his person by defendant to be harmful and offensive to his/her person and dignity.

80. At no time did plaintiff consent to any of the acts of defendants alleged above.

81. Plaintiff invokes the pendant jurisdiction of this Court to hear and determine this claim.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## AGAINST
## N.D DAWSON; STEVE PEAY; RON WOMACK; DWIGHT CLINE; STEVE WAASDROP; MIKE SMITH; and BILL ELLIO

82. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 16 through 82 of this complaint as though fully set forth herein.

83. Prior to attacking plaintiff defendants purposefully did not investigate whether or not plaintiff was the correct subject regarding the warrant.

84. Defendants purposefully did not request plaintiff to identify himself and were going to physically beat plaintiff irrespective of whether plaintiff was the correct subject regarding the warrant.

85. Defendants transported plaintiff to jail.

86. Plaintiff sustained severe bodily injuries throughout plaintiff's entire body. As a proximate result of the acts of defendant as alleged in the first and second causes of action, plaintiff suffered including but not limited to severe bruising,  contusions, bumps, scrapes, scratches, concussions, Defendants conduct was intentional and malicious and done for the purpose of causing plaintiff to suffer humiliation, mental anguish, and emotional and physical distress. Defendants conduct in confirming and ratifying that conduct was done with knowledge that plaintiff's emotional and physical distress would thereby increase, and was done with a wanton and reckless disregard of the consequences to plaintiff.

87. As the proximate result of the acts alleged above, plaintiff suffered humiliation, mental anguish, and emotional and physical distress, and has been injured in mind and body all to plaintiff's damage.

88.  As a further proximate result of the acts alleged above, plaintiff was required to and did employ physicians and surgeons to examine, treat, and care for him, and incurred additional medical expenses for hospital bills and other incidental medical expenses. Plaintiff is informed and believes and thereon alleges that he will incur some additional medical expenses, the exact amount of which is unknown.

89.  By reason of the acts alleged above, plaintiff was prevented from attending to his usual occupation as an owner and operator of an automotive repair business and thereby lost earnings. Plaintiff is informed and believes and thereon alleges, that he will thereby be

1    prevented from attending to his usual occupation for a period in the future which he cannot

2    ascertain, and will thereby sustain further loss of earnings.

3    90.   The acts of defendants alleged above were willful, wanton, malicious, and oppressive, and

4          justify the awarding of exemplary and punitive damages.

5    91.   Plaintiff invokes the pendant jurisdiction of this Court to hear and determine this claim

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
## AGAINST
## N.D DAWSON; STEVE PEAY; RON WOMACK; DWIGHT CLINE;
## STEVE WAASDROP; MIKE SMITH; and BILL ELLIO

92.   By this reference, plaintiff incorporates each and every allegation and averment set forth in

      paragraphs 16 through 26 of this complaint as though fully set forth herein.

93.   DEFENDANTS owed plaintiff the duty to protect plaintiff from unlawful arrests;

      unreasonable search and seizures; excessive force during arrests and the duty to investigate

      facts prior to making an arrest; the duty to protect plaintiff from bodily injury, to protect

      plaintiff injury and make a proper identification of the subject prior to accosting and beating

      plaintiff.

94.   Defendants knew, or should have known, that their failure to exercise due care in the

      performance of their official duties as described more fully in the complaint would cause

      plaintiff severe emotional distress.

95.   Defendants did not protect plaintiff from an unlawful arrest, unreasonable search and

      seizure, excessive force during arrests and the duty to investigate facts prior to making an

      arrest, and from bodily injury. Defendants failed to make a proper identification of the true

      subject of the warrant prior to accosting and physically beating plaintiff.

96.   As proximate result of defendants' acts described in hereinabove plaintiff and the

      consequences proximately caused by it, as also hereinabove alleged, plaintiff suffered

      severe emotional distress and mental suffering, all to his damage.

97.   Plaintiff invokes the pendant jurisdiction of this Court to hear and determine this claim

### FALSE IMPRISONMENT—
### ARREST BY PEACE OFFICER WITHOUT A WARRANT [PENAL CODE § 836]
### AGAINST
### N.D DAWSON; STEVE PEAY; RON WOMACK; DWIGHT CLINE;
### STEVE WAASDROP; MIKE SMITH; and BILL ELLIO

98.   By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 16 through 26 of this complaint as though fully set forth herein.

99.   Defendants doing the things herein alleged were acting within the course and scope of their employment.

100.   Plaintiff was seized and arrested, by Defendants, maliciously and without warrant or order of commitment or any other legal authority of any kind, when plaintiff had not committed any crime or public offense. Defendants accused plaintiff of committing an offense but in fact the offense had not occurred, nor did Defendants have probable cause to believe that it had occurred or that plaintiff had committed it.

101.   Defendants delivered plaintiff to the county jail at Plumas County Jail in, Quincy California, where plaintiff was imprisoned.

102.   These acts of Defendants as herein alleged, were willful, wanton, malicious, and oppressive, and justify the awarding of punitive damages.

103.   Plaintiff invokes the pendant jurisdiction of this Court to hear and determine this claim.

### PRAYER

**WHEREFORE**, Plaintiff JAMES COREY prays for judgment against Defendants COUNTY OF PLUMAS defendant officers jointly and severally for special damages for hospitalization and medical expenses, general damages in the amount of $1.5 million dollars, attorney's fees, punitive damages, and such other relief as the Court deems fair and appropriate under the circumstances.

/////

## DEMAND FOR JURY TRIAL

Plaintiff JAMES CORY demands a jury trial.

Dated: February __3__ , 2005          **LAW OFFICES OF LARRY L. BAUMBACH**

**By:** _____

**LARRY L. BAUMBACH**

EXHIBIT A

## CLAIM AGAINST THE COUNTY OF PLUMAS
(Pursuant to Government Code §910.4)

NOTICE: All claims must be presented to the County of Plumas in accordance with Government Code §915.4. Failure to fully complete this form will result in your claim being returned. If you need assistance in completing this form, contact legal counsel. Plumas County employees are not allowed to provide legal advice. Attach additional pages as needed.

### CLAIMANT INFORMATION

1. Name of Claimant: JAMES COREY

2. Mailing Address of Claimant

   32 Red Willow Court, Blairsden, CA  96103

   Address                                City                      State                    Zip

3. Mailing Address where notices are to be sent (if different than mailing address of claimant):

   Law Offices of Larry L. Baumbach, 686 Rio Lindo Avenue, Chico, CA  95926

   Address                                City                      State                    Zip

4. Telephone Number of Claimant:  (530) 283-3241

### REPRESENTATIVE INFORMATION

5. Name of Attorney (if any):  Larry L. Baumbach

6. Mailing Address of Attorney
   686 Rio Lindo Avenue, Chico, CA  95926

   Address                                City                      State                    Zip

7. Telephone Number of Attorney: (530) 891-6222

### INFORMATION ABOUT CLAIM

8. Incident Date: Month  12    Day  20    Year  2002

9. Location of Incident (if applicable, include street address, highway number, post mile number, or direction of travel)

   35 Sequoia Circle, Plumas Pines, Eureka Estates, Plumas County, California

10. Explain the circumstances that led to the alleged damage or injury: (State all facts that support your claim and why you believe the County is responsible for the alleged damage or injury. If more space is needed, continue on separate page.)

    PLEASE SEE ATTACHMENT A

    _____(see reverse)___

11. General description of the specific damage, injury, indebtedness, obligation, or loss incurred so far as it may be known at the time of presenting claim.
PLEASE SEE ATTACHMENT A

12. Dollar Amount of Claim: (if less than $10,000) as of the date of presenting the claim.  (Include the estimated amount of any prospective injury, damage, or loss, insofar as it may be known when claim is presented.)  $_____ dollars

13. If the amount claimed exceeds $10,000, no dollar amount shall be included in the claim.  However, please indicate whether the claim would be limited to civil case.      ☐ Yes      ☒ NO

14. Name of names of public employee(s) causing the injury, damage or loss, if known
N.D. Dawson, Steve Peay, Ron Womack, Dwight Cline, Steve Waasdrop, Mike Smith, Bill Ellio

## CLAIMS INVOLVING MOTOR VEHICLES

15. Insurance Information (complete if claim involves motor vehicle).  Has the claim for the alleged damage/injury been filed (or will be filed) with your insurance carrier?      ☐ Yes      ☐ NO

16. Name of Insurance Carrier and Telephone Number (including area code)

Name _____    Telephone Number _____

Address _____    City _____    State _____    Zip _____

17. Policy Number:

18. Are you the registered owner?      ☐ Yes      ☐ NO

19. Amount of deductible: $

20. Make: _____    Model: _____    Year: _____

**Section 72 of the Penal Code provides that a person found guilty of submitting fraudulent claim may be punished by imprisonment in the County Jail or State Prison, and/or by the imposition of a fine up to $10,000.00.**

**Signature of Claimant, or by some person legally authorized to submit this claim on your behalf.**

_____
**Signature**

_____
**Printed Name of Person Completing Claim**

**ATTACHMENT A**


Claimant:                         James Corey
Date of Incident:                 December 20, 2002
Date of Criminal Complaint:       January 3, 2003
Date of Jury Trial:               February 2, 2004 to February 6, 2004
Claimant Acquitted:               February 6, 2004

Statute of Limitations Tolled Pending Criminal Prosecution pursuant to  California Government Code section 945.3

## FACTS SUPPORTING CLAIM

On December 20, 2002, James Corey was at a private residence located at 35 Sequoia Circle, Plumas Pines, Eureka Estates, Plumas County, California.  At approximately 8:53 p.m., the following Plumas County Sheriff officers arrived at the Sequoia County address ostensibly to serve a search warrant issued for #37 Aspen Circle in Blairsden, Plumas County, California:

1.   N.D. Dawson
2.   Steve Peay
3.   Ron Womack
4.   Dwight Cline
5.   Steve Waasdorp
6.   Mike Smith
7.   Bill Elliot

While inside the residence, James Corey requested the opportunity to review the search warrant. The officers 1 through 7 named above were at all times in the course and scope of their duties as duly appointed law enforcement officers under the employ of Plumas County.  Plumas County Sheriffs Department was the County agency responsible for the hiring, training, supervision, discipline, and firing of Officers 1 through .  All the conduct described in this claim was approved of and ratified by Plumas County Sheriffs Department and Plumas County.

In direct and immediate reaction to James Corey's request to see the search warrant, several of the persons named grabbed James Corey and with force and violence slammed him down on a nearby table, then took him down to the floor.  James Corey was sprayed twice in the face with mace like pepper spray causing him severe pain, injury, humiliation, embarrassment, fear, anxiety, and depression.  Members of Officers 1 through 7 also struck James Corey in the right side of his head with a police baton, an act constituting excessive force and direct violation of the general orders of the Plumas County Sheriffs Department.  All of the acts described were committed or aided or abetted or supported by each of the Officers 1 through 7.  All of the acts constituted illegal, excessive force.

Attachment A cont.
Page 2


Following the application of excessive force in attacking, macing, clubbing, and arresting James Corey, Mr. Corey was booked into the Plumas County Jail.  Criminal charges were filed against him alleging violation of the following statutes:

1. Penal Code section 243(c)(2) - battery on a police officer, Nick Dawson
2. Penal Code section 243(c)(2) - battery on a police officer, Steve Peay
3. Penal Code section 243(c)(2) - battery on a police officer, Ron Womack
4. Penal Code section 148(a)(1) - resisting arrest and obstruction of Nick Dawson
5. Penal Code section 148(a)(1) - resisting arrest and obstruction of Steve Peay
6. Penal Code section 148(a)(1) - resisting arrest and obstruction of Ron Womack

All of the enumerated charges were dismissed and as to an amended charge of assault on a police officer, Penal Code section 241.1, Mr. Corey was found not guilty after a jury trial.

Although James Corey intends to file a civil rights action in Federal Court under Federal law, he also has the following claims under State law:

1. Wrongful Arrest
2. Assault
3. Battery
4. False Imprisonment
5. Negligent infliction of emotional distress
6. Intentional infliction of emotional distress

The actions of Officers 1 through 7were the direct consequences of the Plumas County Sheriffs Department's failure to properly train, discipline, test, supervise, or regulate the behavior of Officers 1 through 7.  Upon learning of the unlawful behavior of Officers 1 through 7 toward James Corey, Plumas County Sheriffs Department and Plumas County did approve and ratify said conduct without criticism or discipline therefore adopting said conduct as though it was done by Plumas County Sheriffs Department and Plumas County.

## DAMAGES

1. Defense of criminal charges      $    21,903
2. False arrest                     $   350,000
3. Battery                          $   350,000
4. Emotional Distress               $   500,000
5. Civil Rights                     $ 1,000,000
6. Punitive Damages                 $ 1,000,000

Attachment A cont.
Page 3


This claim is submitted pursuant to the California Tort Claims Act Government Code section 810-996.6.

All notices regarding this claim shall be sent to:

Larry L. Baumbach, Esq.
Law Offices of Larry L. Baumbach
686 Rio Lindo Avenue
Chico, CA  95966

## PROOF OF SERVICE BY MAIL
### [C.C.P. §1013, 2015.5]

I, Jennifer L. Newkirk, declare as follows:  I am, and was at the time of service hereinafter mentioned, a citizen of the United States and a resident of the County of Butte.  I am over the age of 18 years and not a party to the within action; my business address is: 686 Rio Lindo Avenue, Chico, CA 95976.

On this date, I served the foregoing document described as:

### CLAIM AGAIST THE COUNTY OF PLUMAS

on the parties below by placing a true copy thereof in a sealed envelope and served same on the parties/counsel, addressed as follows:

Clerk of the Board
County of Plumas
520 Main Street, Room 309
Quincy, CA 95971

The following is the procedure in which service of this document was effected:

__X__      By first class mail by placing a true copy thereof THE ORIGINAL OF WHICH IS ON RECYCLED PAPER, in a sealed envelope with postage thereon fully prepaid and placing the envelope in the firm's daily mail processing center for mailing in the United States mail at Chico, California.

_____   Federal Express
_____   UPS Next Day Air
_____   FAX  (530) 221-7963
_____   Personal Service

I am familiar with the practice of the Law Offices of Larry L. Baumbach for the collection of processing of correspondence for mailing with the United States Postal Service.  In accordance with the ordinary course of business, the above-mentioned document would have been deposited with the United States mail on, the same day on which it was placed at the Law Offices of Larry L. Baumbach for deposit. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED:   May 12, 2004

Jennifer L. Newkirk



**COUNTY COUNSEL**
COUNTY OF PLUMAS

Courthouse - 520 Main St., Room 302
Quincy, California 95971-9115

**BARBARA THOMPSON**
INTERIM COUNTY COUNSEL

**BRIAN L. MORRIS**
DEPUTY COUNTY COUNSEL

Phone:(530) 283-6240
Fax: (530) 283-6116

June 30, 2004

Larry L. Baumbach
Law Offices of Larry L. Baumbach
686 Rio Linda Avenue
Chico, CA 95966

Re: James Corey Claim Against Plumas County

Dear Mr. Baumbach:

Notice is hereby given that the claim of James Corey which you presented to the County of Plumas by letter mailed May 12, 2004, was rejected by operation of law because 45 days have elapsed since you presented the claim.

The following warning is provided pursuant to Government Code § 913:

**Subject to certain exceptions, you have only six (6) months from the date this notice was personally delivered or deposited in the mail to file a court action on this claim. See Government Code Section 945.6.**

**You may seek the advice of an attorney of your choice in connection with this matter. If you desire to consult an attorney, you should do so immediately.**

I did not recommend that the county pay the claim because it was not submitted within the deadlines established by Government Code Section 911.2. The claim references a tolling of the statute of limitations under Government Code Section 945.3. However, that section only applies to the time period for filing an action, and it does not extend the deadline to present a claim. Section 945.3 specifically states as follows:

Nothing in this section shall prohibit the filing of a claim with the board of a public entity, and this section shall not extend the time within which a claim is required to be presented pursuant to Section 911.2.

You may always contact me at the phone number above if you have any other questions.

Sincerely,

Brian 7 Morris

Brian L. Morris
Deputy County Counsel