UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

JAMES DENNIS COREY,

    Plaintiff,

NO. CIV. S-05-0231 FCD JFM

MEMORANDUM AND ORDER

    v.

COUNTY OF PLUMAS; TERRY BERGSTRAND, Plumas County Sheriff; Officer N.D. DAWSON; Officer STEVE PEAY; Officer RON WOMACK; Officer DWIGHT CLINE; Officer STEVE WAASDROP; Officer MIKE SMITH; Officer BILL ELLIO; and DOES 1 to 100,

    Defendants.

_____/

----oo0oo----

    This matter comes before the court on motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), filed by defendants County of Plumas ("County"), Plumas County Sheriff Terry Bergstrand, and Officers N.D. Dawson, Steve Peay, Ron Womack, Dwight Cline, Steve

Waasdrop, Mike Smith, and Bill Elliot[1] (collectively "defendants").[2] Specifically, defendants seek dismissal of all state law claims (Counts Five through Eleven) on the ground that they are barred by the applicable six-month statute of limitations. In addition, defendants seek dismissal of Count Three, which alleges a conspiracy claim under 42 U.S.C. § 1986, for violation of the statute of limitations. Plaintiff, James Corey ("plaintiff" or "Corey"), opposes the motion. For the reasons stated herein, defendants' motion is GRANTED in part and DENIED in part.

**BACKGROUND**

On December 20, 2002, officers of the Plumas County Sheriff's Department arrived at a residence located at 35 Sequoia Circle, in Plumas Pines, California, with a search warrant. (Complaint ¶ 20.) Corey, who was the lessee of the 35 Sequoia Circle residence, asked to review the warrant. (Id. ¶ 21.) Immediately thereafter, Corey alleges that the officers grabbed him and, "with force and violence slammed him down on a nearby table, then took him down to the floor." (Id. ¶ 22.) Corey alleges he was then sprayed twice in the face with mace and struck in the head with a police baton. (Id. ¶¶ 21, 22.) Corey was then arrested and booked into the Plumas County Jail. (Id. ¶ 25.)

On January 3, 2003, criminal charges of resisting arrest and

---

[1] This defendant was erroneously sued as "Bill Ellio."

[2] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. Local Rule 78-230.

battery on a police officer were filed against Corey in connection with the arrest. (Id. ¶ 18.)  After a jury trial, Corey was found not guilty and charges were dismissed on February 6, 2004. (Id. ¶ 18.)

Corey presented a tort claim to the County on May 12, 2004, which was received by the County on May 14, 2004. (Comp. ¶ 15; Claim Against County of Plumas, Ex. A to Compl. at pp. 1-5.)[3]  By letter dated June 30, 2004, the County formally rejected Corey's tort claim. (Comp. ¶ 16; June 30, 2004 Letter from Brian Morris to Larry Baumbach, Ex. A to Comp. at 7.)  The Complaint alleges Corey was notified of the rejection "on or about July 10, 2004." (Comp. ¶ 16.)

On February 4, 2005, Corey filed the complaint in the above-captioned matter.  The complaint asserts eleven claims pursuant to federal and state law.  On April 21, 2005, defendants filed the present motion to dismiss on statute of limitations grounds Counts Five through Eleven, which assert state-based claims for assault; battery; "battery: unreasonable force in affecting arrest"; "battery committed by affecting arrest"; "intentional infliction of emotional distress, negligent infliction of emotional distress; and false imprisonment.  In addition, defendants seek dismissal, also on statute of limitations grounds, of Count Three, to the extent it asserts a conspiracy claim pursuant to 42 U.S.C. § 1986.

---

[3] There are three separate documents included within Exhibit A to the Complaint: the Claim Against the County of Plumas, Proof of Service of the Claim, and the June 30, 2004 Letter from Brian Morris to Larry Baumbach.  For ease of reference, the court numbered the pages of the Exhibit as 1 through 7 and will refer to them accordingly.

3

**STANDARD**

A complaint will not be dismissed under Fed. R. Civ. P. 12(b)(6) "unless it appears beyond doubt that plaintiff can prove no set of facts in support of his [or her] claim that would entitle him [or her] to relief." Yamaguchi v. Department of the Air Force, 109 F.3d 1475, 1480 (9th Cir. 1997)(quoting Lewis v. Telephone Employees Credit Union, 87 F.3d 1537, 1545 (9th Cir. 1996)). "All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).

**ANALYSIS**

1.   State Law Claims

Defendants contend that Corey's state law claims are untimely because they were not filed within six months after written notice of rejection of the claims by the County. Prior to filing a tort claim against a public entity, a plaintiff must satisfy the requirements of the California Tort Claims Act by presenting the claim to the local entity. The process for filing a claim against a public entity is straightforward. The claim must be presented to the public entity within six months after the accrual of the cause of action. Cal. Govt. Code § 911.2. If the public entity rejects the claim by written notice that complies with Cal. Govt. Code § 913, the plaintiff is afforded six months to commence suit against the entity. Cal. Govt. Code § 945.6. If, on the other hand, the public entity does not send notice or sends a *deficient* written notice, the suit may be filed within two years of the accrual of the cause of action. Id.

4

1  Here, Corey presented his claim to the County on May 12,
2 2004. By written notice, the County rejected Corey's claim on or
3 about July 10, 2004.[4] Thus, to satisfy the statute of
4 limitations, Corey needed to file the complaint on or before
5 January 10, 2005. In fact, the complaint was not filed until
6 February 4, 2005.

7  Corey contends that the County's notice was defective
8 because the reason provided for the rejection was invalid.
9 However, Corey cites no authority, and the court could find none,
10 for the proposition that a rejection notice is defective under
11 Cal. Govt. Code § 913 if the reason for the rejection later turns
12 out to be invalid. In fact, § 913 does not require the county to
13 provide *any reason* for rejecting a claim. See Cal. Govt. Code §
14 913 (providing the form for sufficient notice). Thus, the
15 validity of the reason provided by the County is irrelevant to
16 the sufficiency of the notice pursuant to § 913.[5] Section 913
17 provides a sample rejection letter to assist municipalities in

---

[4] From the rejection letter, which is attached to the complaint, it appears that statute may have begun to run earlier. The letter is dated June 30, 2005. See Parrino v. FHP, Inc., 146 F.3d 699, 706 (9th Cir. 1998.)(finding that, in ruling on a motion to dismiss, the court may consider documents attached to the complaint). The six-month statute for filing suit begins to run as soon as the notice is properly delivered or mailed, even though not yet received by the claimant. Cal. Govt. Code § 945.6 (providing that suit must be filed "not later than six months after the date such notice is personally delivered or deposited in the mail.") However, there is no indication that date on the rejection letter also represents the date the letter was "personally delivered or deposited in the mail." As a result, for purposes of the motion to dismiss, the court accepts as true plaintiff's allegation that the letter was delivered/deposited in the mail on or about July 10, 2005.

[5] Presumably, to give rise to a successful tort claim, the local entity's reason for rejecting a claim will be invalid.

5

drafting a compliant rejection letter.  The rejection letter must advise the claimant that the claim has been rejected, in whole or in part, and must warn the claimant that he has six months to file a civil complaint.  Here, the rejection letter sent by the County indicates that the claim was rejected by operation of law and clearly warns Corey that he has six months to file a complaint:

> The following warning is provided pursuant to Government Code § 913:
>
> **Subject to certain exceptions, you have only six (6) months from the date this notice was personally delivered or deposited in the mail to file a court action on this claim.  See Government Code § 945.6.**
>
> **You may seek the advice of an attorney of your choice in connection with this matter.  If you desire to consult an attorney, you should do so immediately.**

(June 30, 2004 Letter from Brian Morris to Larry Baumbach, Ex. A to Comp. at 7 (emphasis in original).)  The court finds that the rejection letter complies with § 913.  As a result, Corey had six months from the date the rejection letter was mailed to file his complaint.

Corey also appears to contend that defendants have waived the right to assert the statute of limitations as a defense because they did not provide a notice of insufficiency to defendant pursuant to Cal. Govt. Code § 910.8.  Corey erroneously conflates two separate statutes of limitation.  The government code provides that claims relating to death or injury must be presented to the municipality within six months of the date the cause of action accrues.  Cal. Govt. Code § 911.2.  The County's rejection letter, while not required to provide a reason, suggests that Corey's claim was rejected for failure to comply

with § 911.2's six-month statute of limitations.  Once this rejection letter was mailed, a second six-month statute of limitations was triggered: Corey had six months from that date to file a civil complaint.  Cal Govt. Code § 945.6.  That statute of limitations is separate and independent from the statute of limitations in § 911.2.  Whether the County waived its § 911.2 statute of limitations defense has no bearing on whether the Corey timely filed his complaint in this court.[6]  Accordingly, defendants' motion to dismiss Counts 5 through 11 of the complaint is GRANTED with prejudice.

### 2.   42 U.S.C. § 1986 Conspiracy Claim

Defendants contend that Corey's conspiracy claims brought pursuant to 42 U.S.C. § 1986 are time-barred.  Unlike § 1983, § 1986 contains an express statute of limitations: "But no action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued."  42 U.S.C. § 1986.  Federal law determines when a cause of action accrues.  Bagley v. CMC Real Estate Corp., 923 F.2d 758, 760 (9th Cir. 1991).  A cause of action accrues for purposes of § 1986 when Corey "had reason to know of the injury which is the basis of the action."  Cabrera v. City of Huntington Park, 159 F.3d 374, 379 (9th Cir. 1998); see also Norco Constr., Inc. v. King County, 801 F.2d 1143, 1145 (9th Cir. 1986); Moore v. U.S., 193 F.R.D. 647, 652 (N.D. Cal. 2000).  However, a civil

---

[6] Corey's waiver argument is based on the County's failure to send a notice of insufficiency pursuant to Cal. Govt. Code 910.8.  The court expresses no position on the validity of this argument, other than to note that untimely filing is not expressly listed among the defects enumerated in § 910.8.

7

rights claim that "if successful would necessarily imply the invalidity of a conviction in a pending criminal prosecution, does not accrue so long as the potential for a conviction in the pending criminal prosecution continues to exist." Heck v. Humphrey, 512 U.S. 477 (1994); Harvey v. Waldron, 210 F.3d 1008, 1014 (9th Cir. 2000).

Corey contends that his conspiracy claims did not accrue until the date of his acquittal, because such claims, if successful, would have implied the invalidity of any conviction in his criminal trial. In response, defendants make several arguments. First, they note that Heck and its progeny involve claims brought under § 1983, and thus are inapplicable to claims under § 1986. Second, defendants contend that the conspiracy claims Corey alleges would not imply invalidity of any criminal conviction for resisting arrest and battery on a peace officer. Finally, defendants contend that, even if the claim did not accrue while criminal charges were pending, the one-year statute of limitations nonetheless expired because the court needs to include in the limitations period the thirteen days after Corey's arrest and before charges were filed.

Initially, the court rejects defendants argument that Heck does not apply in the context of § 1986 claims. While defendants are correct that Heck involved a § 1983 claim, defendants cite no authority and provide no argument to support their contention that a different rule should apply to § 1986 cases. The rationale for the Heck rule is to preserve consistency and finality, prevent collateral attacks on a conviction via a civil law suit, and to avoid inconsistent determinations in the civil

8

and criminal cases." See Harvey, 210 F.3d at 1014. This rational is equally applicable in the § 1986 context.

Defendants next argue that Corey's claim alleging a "conspiracy to unlawfully arrest, search and seize plaintiff . . . even if successful . . . does not challenge the legality of the arrest or search and seizure of Plaintiff." (Defs.' Reply at 9.) Thus, defendants conclude that "the success of a civil action for conspiracy would not have necessarily invalidated a potential conviction on the then-pending charges of resisting [arrest] or battering a police officer." (Id.) The court disagrees. Corey's § 1986 claim for "conspiracy to unlawfully arrest, search and seize" is predicated on the fact that Corey was *not* lawfully arrested, searched or seized. If the trier of fact concludes that these allegations are true, such findings would necessarily imply that Corey did not resist arrest or batter the officers, but that he was the victim of their aggression.[7] This is precisely the type of inconsistent adjudication that Heck and Harvey sought to avoid.

Finally, defendants argue that, even if tolled during the pendency of criminal charges against Corey, the one-year statute of limitations expired prior to the filing of the complaint because the court must add to the statutory period the thirteen days after Corey's arrest but before criminal charges were brought. This argument too lacks merit. The rule from Heck states that a civil claim, which "if successful would necessarily

---

[7] The court takes judicial notice of Plumas County Superior Court Minute Order dated April 18, 2003. (Ex. A to Defs.' Request for Judicial Notice.)

9

imply the invalidity of a conviction in a pending criminal prosecution, does not *accrue* so long as the potential for a conviction in the pending criminal prosecution continues to exist." Harvey, 210 F.3d at 1014 (emphasis added). "A cause of action 'accrues' when a suit may be maintained thereon. . .." Black's Law Dictionary 21 (6th ed. 1990). This is to be distinguished from "tolling," which means "to suspend or stop temporarily as the statute of limitations is tolled during the defendant's absence from the jurisdiction . . .." Id. at 1488. Heck does not state that the statute of limitations is "tolled" during the pendency of criminal charges. Rather, the rule provides that the cause of action does not "accrue" until criminal charges are no longer pending. Here, the cause of action accrued on February 6, 2004, the date of Corey's acquittal. As a result, Corey's § 1986 claim, which was filed on February 4, 2005, was timely.

**CONCLUSION**

For the foregoing reasons, defendants' motion to dismiss is GRANTED in part and DENIED in part as follows:

(1)   Defendants' motion to dismiss Counts Five through Eleven of the complaint is GRANTED with prejudice.

(2)   Defendants' motion to dismiss Count Three of the complaint is DENIED.

IT IS SO ORDERED.

DATED: May 26, 2005

/s/ Frank C. Damrell Jr.
FRANK C. DAMRELL, Jr.
UNITED STATES DISTRICT JUDGE

10